IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN FRANCIS, #2253451 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv292 |
| DEFENDANT TDCJ-CID, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff John Francis, a prisoner confined in the Powledge Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to title 42 U.S.C. § 1983. The lawsuit was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History and Factual Background.

Plaintiff filed his original complaint on July 1, 2021, in letter format. After determining that Plaintiff may proceed *in forma pauperis*, Plaintiff was ordered to replead his claims on the appropriate standardized form under 42 U.S.C. § 1983. (Dkt. #35). On April 11, 2022, Plaintiff filed his amended complaint on a civil rights form (Dkt. #37). He sued Assistant Warden Terry Andrews, the Beto Unit Mail Room, the Beto Unit Law Library, the TDCJ Inmate Trust Fund Department, TDCJ-Correctional Institutions Division (TDCJ-CID), and the State of Texas.

In his April 11 amended complaint, he claims that:

- Asst. Warden Andrews does not hold the staff responsible for their actions and does not let the investigators investigate inmates' claims against the staff. Plaintiff does

- not state what claims or events were not investigated at the direction of the warden, when these events occurred, or what harm he personally suffered.

- He claims that the Mail Room and Law Library open all incoming mail addressed to inmates, including all legal mail, before it is received by the inmates. Once again, Plaintiff does not state when this occurred, by whom, and how he was harmed by their alleged actions.

- He contends that the Inmate Trust Fund Department is charging medical co-pays against an inmate's inmate trust fund account rather than against the inmate's insurance. Plaintiff does not provide any dates of when this occurred, how this claim is a constitutional claim, and how he was personally harmed by this practice.

- He declares that TDCJ-CID keeps inmates beyond the expiration of their sentences. This claim would sound as a habeas corpus claim pursuant to 28 U.S.C. § 2441, and not a civil rights claim. Plaintiff does not explain how this claim relates to him personally. Plaintiff has only served three years of his ten-year sentence from Ellis County, Texas. He is not yet eligible for consideration for parole. Plaintiff has not provided sufficient information to show that he has a viable claim.

- He is suing the State of Texas because all identification cards have "red offenders" on them and state from which county each offender's conviction(s) originate. Plaintiff does not explain how this is a constitutional violation of his rights and how he has been harmed. He also fails to explain how he can overcome the State of Texas' right to not be sued in federal court. *See* XI Amendment.

(Dkt. #37).

On June 10, 2022, Plaintiff was ordered to replead his civil rights claims to include a short and plain statement of his claims showing that he is entitled to relief pursuant Rule 8(a), Fed. R. Civ. P. (Dkt. #43). A short and plain statement of the claim is one which gives the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007).

In response to the Court's Order, Plaintiff filed a two-page, dated diary of daily events, starting on June 1, 2022 through June 9, 2022, that is construed as his second amended complaint.

(Dkt. #44). An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).

The second amended complaint or diary lists alleged daily failures of prison staff to perform various acts that Plaintiff believes that the staff should. He does not mention any of the named defendants by name nor state that any of the named defendants are violating his constitutional rights. Plaintiff does not claim that he has suffered any constitutional harm. He does not allege that any constitutional right was violated in the past prior to the filing of his original complaint. Plaintiff does not request compensatory damages or prospective injunctive relief.

Plaintiff, thereafter, filed numerous supplements to his second amended complaint. (*See* Dkt. ##46-72, 75-76, 78). Each supplement is presented in the form of a daily diary listing various events without stating who was involved or whether Plaintiff suffered any harm. (*Id*.). For the reasons explained below, the Court recommends that Plaintiff's claims be dismissed for failure to state a claim pursuant to 42 U.S.C. §§ 1915(e)(2) and 1915A(b).

Preliminary Screening.

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion

thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr Cnty, Tex.*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

<u>Discussion and Analysis.</u>

The Eighth Amendment to the United States Constitution "'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To plead a constitutional violation based on the conditions of an inmate's confinement, a plaintiff must allege conditions that objectively "pos[e] a substantial risk of serious harm." *Id.* at 834. He must also allege facts showing that prison officials were subjectively deliberately indifferent to that risk to his health or safety. *Id.*; *see also Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015) (summarizing objective and subjective prongs of an Eighth Amendment violation). The deliberate indifference required to state a constitutional claim "is an extremely high standard to meet," *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001),

5

and prison officials act with such indifference only if they know an inmate faces a substantial risk of serious harm and they disregard that risk by failing to take reasonable measures to alleviate it. *See Farmer*, 511 U.S. at 837; *accord Taylor v. Stevens*, 946 F.3d 211, 221 (5th Cir. 2019). Thus, the prison official "must both be aware of the facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." *Id.* Plaintiff's allegations do not satisfy that high standard.

In addition to the failure to demonstrate any constitutional violation, Plaintiff also fails to establish the personal involvement of any of his named Defendants in harming him. A plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Thompson v. Crnkovich*, 2017 WL 5514519 *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant."). "In order to assert a valid claim against an official in his individual capacity, a § 1983 claimant must establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation." *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 622 (W.D. La. 2013).

Plaintiff here does not allege those necessary connections. It is well established that a supervisory official may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691

(1978). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citation omitted). But "masters do not answer for the torts of their servants" under Section 1983. *Iqbal*, 556 U.S. 677. Plaintiff does not allege that any of the named Defendants was personally involved in any of the alleged events described in his second amended complaint. Accordingly, he fails to state a claim against any of the supervisory officials named in his complaint.

### IV. Conclusion

For the reasons set forth above, Plaintiff's second amended complaint fails to state a claim upon which relief can be granted. Dismissal is appropriate where Plaintiff has already been given a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's Second Amended Complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 26th day of December, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE